People v Perez (2026 NY Slip Op 00210)

People v Perez

2026 NY Slip Op 00210

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

SCI No. 40/21|Appeal No. 5603|Case No. 2023-00205|

[*1]The People of the State of New York, Respondent,
vJose Perez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Isabel Patkowski of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Linda Poust-Lopez, J., at plea; Judith S. Lieb, J., at sentencing), rendered July 1, 2022, convicting defendant of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously reversed, on the law, the plea vacated and the case remanded for further proceedings.
Defendant's waiver of indictment under SCI No. 40-2021 was invalid because the record does not demonstrate that defendant satisfied the requirement of NY Constitution, art 1, § 6 and CPL 195.20 that the written waiver of indictment must be signed by the defendant in open court in the presence of his or her counsel (see People v Smith, 242 AD3d 616 [1st Dept 2025]). The indictment waiver was dated February 3, 2021, the same date on which the SCI was issued, but a date on which there appears to have been no appearance in this case. Further, the court's description of the indictment waiver suggested that the court understood it to have been signed before the day of the plea. The record as a whole does not clearly support an inference that the "open court" requirement was satisfied. A less than compelling inference does not fulfill the "unequivocal dictate" that the record demonstrate that the defendant signed the waiver in open court (id.). "Compliance with this unequivocal dictate is indispensable to a knowing and intelligent waiver and the failure to adhere to this strict procedure is a jurisdictional defect which survives a guilty plea and appeal waiver and need not be preserved" (id.).
Because we reverse on this ground, we need not address defendant's argument that his guilty plea was not knowingly, intelligently, and voluntarily entered.
Defendant's contention that the court improperly issued a final order of protection is moot in light of our vacatur of defendant's conviction. We direct that the order remain in force pending further proceedings in this case.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026